UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KENNY L. WILLOUGHBY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | CAUSE NO. 3:10 CV 372 |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Kenny L. Willoughby, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 seeking to challenge his 1979 conviction for burglary and theft in Vanderburgh County. (DE # 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition and attachments, Willoughby pled guilty to burglary and theft in July 1979 and was sentenced to five years in prison.[1] (DE # 1-1 at 1.) He acknowledges that he has fully served the sentence imposed in the 1979 case, but

---

[1] Willoughby was sentenced to a total of five years, with three years suspended and two years to be served on work release. (DE # 1-1 at 1.) His work release was later revoked, and he served the remainder of his executed sentence in prison, after which he released on probation. (*Id.*) His probation was also revoked, and he was sentenced to three years in prison. (*Id.*) In March 1983, he reached agreement with the state to voluntarily dismiss a post-conviction petition he had filed challenging the conviction, in exchange for a reduction of his sentence to time served. (*Id.* at 1-2.)

nevertheless seeks to challenge the conviction because it was used to enhance a sentence he is currently serving. (DE # 1-3 at 1-2.) He argues that he received ineffective assistance of counsel in the 1979 case and that the conviction should therefore be overturned. (DE # 1 at 3.)

The Supreme Court has held that "once a state conviction is no longer open to direct or collateral attack in its own right" the conviction is regarded as "conclusively valid." *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403 (2001). If that conviction is later used to enhance a sentence, the defendant "may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04. There is a single exception to this rule where the prior conviction was obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963), because the defendant was not appointed counsel. *Id.* at 404.

Here, it is apparent from the petition that Willoughby's 1979 conviction is no longer open to attack in its own right. It is also apparent that Willoughby had counsel representing him in the 1979 case, notwithstanding his view of her performance. Under *Coss*, he is barred from obtaining federal habeas relief with respect to the 1979 conviction. *See Martin v. Deuth*, 298 F.3d 669 (7th Cir. 2002) (petitioner was precluded from obtaining habeas relief on the basis of a prior conviction used to enhance his current sentence, because prior conviction was no longer open to attack in its own right and he did not allege that conviction was obtained in violation of *Gideon*).

In his supporting memorandum, Willoughby argues that he is "in custody" pursuant to the 1979 conviction because it caused his current sentence to be increased, and that he therefore has a right to challenge the 1979 conviction in this proceeding. (DE # 1-3 at 1-2.) The "in custody" requirement is only a threshold procedural requirement that must be met for a Section 2254 petition to be filed. *See* 28 U.S.C. § 2254(a); *see also Coss*, 532 U.S. at 401 ("The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'"). As a general matter, a petitioner is not "in custody" pursuant to a conviction that has been fully executed, even if that conviction was later used to enhance another sentence; however, the petitioner may be considered "in custody" if his habeas petition can be read as a challenge to his current enhanced sentence. *See Coss*, 532 U.S. at 401-02; *Maleng v. Cook*, 490 U.S. 488, 493 (1989). Willoughby's petition, however, is framed entirely as an attack on the 1979 conviction, not the current sentence he is serving. Moreover, even if he satisfied the threshold "in custody" requirement, *Coss* bars him from obtaining any substantive relief with respect to the 1979 conviction, and that is the only claim he raises in the petition. Accordingly, the petition must be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, Willoughby is barred from challenging his 1979 conviction in this proceeding. Nothing before the court suggests that jurists of reason could debate the correctness of this ruling or find a reason to encourage Willoughby to proceed further. Accordingly, the court declines to issue a certificate of appealability.

For the reasons set forth above, the court **DISMISSES** the petition (DE # 1) pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and **DENIES** a certificate of appealability.

**SO ORDERED**.

Date: September 21, 2010

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT